U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 APR 30 PM 1:57

CLERK

BY ltw
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:4-cr-43 |
| | ) | |
| EDWARD BOYNTON | ) | |

**OPINION AND ORDER
DENYING AS MOOT DEFENDANT'S REQUEST FOR REVIEW OF THE
MAGISTRATE JUDGE'S ORDER STAYING THE CASE, ADOPTING IN PART
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
AND DISMISSING DEFENDANT'S 28 U.S.C. § 2255 PETITION**
(Docs. 33, 44, & 65)

This matter came before the court for a review of the Magistrate Judge's July 26, 2017 Report and Recommendation ("R & R") (Doc. 65). On June 22, 2016, Defendant Edward Boynton, who is represented by Assistant Federal Public Defender David L. McColgin and Assistant Federal Public Defender Barclay T. Johnson, filed a petition pursuant to 28 U.S.C. § 2255 seeking a reduction of his 188 month term of imprisonment. (Doc. 33.) Defendant argues that his sentence was improperly enhanced pursuant to the residual clause of the United States Sentencing Guidelines (the "Guidelines") and violates his right to due process pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). *Johnson* held that the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(1), was void for vagueness under the Due Process Clause. *Welch* made the *Johnson* rule retroactive to cases on collateral review. The government, represented by Assistant United States Attorney Gregory L. Waples, opposes Defendant's § 2255 petition.

On July 25, 2016, the government requested that the Magistrate Judge stay its determination of Defendant's § 2255 until the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), which the Magistrate Judge granted. On September 9, 2016, Defendant appealed the Order staying the case. (Doc. 44.) After

*Beckles* was issued, the Magistrate Judge vacated the stay and ordered briefing on Defendant's petition.

In the R & R, the Magistrate Judge recommended that the court deny and dismiss Defendant's § 2255 petition for two reasons. First, the Magistrate Judge determined that Defendant's § 2255 petition is untimely because the Supreme Court has not extended the *Johnson* holding to the residual clause in the career offender Guidelines, and Defendant does not contend that his petition is otherwise timely filed pursuant to § 2255(f). Second, because the Guidelines were advisory when Defendant was sentenced, the Magistrate Judge concluded that *Beckles* forecloses Defendant's void for vagueness challenge to the career offender enhancement. In such circumstances, the Magistrate Judge opined that a certificate of appealability was not warranted.

In his objections to the R & R, Defendant asserts that he was "sentenced at a time when courts viewed the *career offender* Guidelines as mandatory and did not appreciate their ability to depart from the Guidelines for purely policy reasons." (Doc. 67 at 1) (emphasis in original). Defendant also objects to the conclusion that his claim is barred by *Beckles* and argues that *Beckles* confirms that "*Johnson* renders the mandatory career offender Guidelines' residual clause void for vagueness." *Id.* at 9. Defendant relies on *Teague v. Lane*, 489 U.S. 288 (1989) in objecting to the R & R's conclusion that he seeks the recognition of a new substantive rule rather than the application of an existing rule. Finally, Defendant urges the court to reject the Magistrate Judge's recommendation that a certificate of appealability should not issue because "reasonable jurists have determined that [Defendant's] claim has merit." (Doc. 67 at 24.)

## I. Factual and Procedural Background.

On February 8, 2005, approximately one month after the Supreme Court held that the Guidelines were advisory in *United States v. Booker*, 543 U.S. 220 (2005), this court sentenced Defendant to a term of 188 months imprisonment following his guilty plea to conspiracy to possess with intent to distribute and distribution in excess of five grams of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). The court noted that

2

Defendant had at least two prior convictions that qualified as either "crimes of violence" or "controlled substance offenses" for purposes of the career offender enhancement.

The presentence report ("PSR") recommended that the court find that Defendant was a career offender as defined in Guidelines § 4B1.1. In support of that recommendation, the PSR noted that Defendant was at least eighteen years of age at the time of the offense, that Defendant was charged with a felony controlled substance offense, and that Defendant had at least two prior felony convictions for crimes of violence or controlled substance offenses.[1] *See* PSR at 8, ¶ 44. The PSR cited Defendant's prior Maryland convictions for assault and possession with intent to distribute cocaine as the prior felony convictions triggering the career offender enhancement.

In determining Defendant's Guidelines range, the court adopted the PSR as its findings of fact. In making the Guidelines calculations, the court concluded that Defendant committed the offenses of conviction subsequent to sustaining "at least two prior felony convictions of a crime of violence or a controlled substance offense[,]" specifically "an assault conviction in Baltimore, Maryland, [and] possession with intent to distribute cocaine in Baltimore[.]" (Doc. 48 at 5-6.) The court thus determined that the Guidelines should reflect a career offender enhancement. The court observed that it "obviously did consider the [G]uidelines [to be] advisory at this point and [it had] considered the factors in Section 3553." *Id.* at 9. After concluding that Defendant's offense level was thirty-one and that he had fourteen criminal history points, resulting in criminal history category VI, the court determined Defendant's Guidelines range was 188 to 235 months imprisonment. The court sentenced Defendant to a term of 188 months imprisonment followed by a four year term of supervised release. Defendant did not file a direct appeal.

---

[1] "As a general matter, reliance on a federal PSR's factual description of a defendant's pre-arrest conduct to determine whether a prior offense constitutes a 'crime of violence' under U.S.S.G. § 4B1.2(a)(1) is prohibited." *United States v. Reyes*, 691 F.3d 453, 459 (2d Cir. 2012). In this case, the court relies on the PSR's description of Defendant's pre-arrest conduct exclusively for background purposes.

3

## II. Conclusions of Law and Analysis.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### A. Defendant's Appeal of the Magistrate Judge's Order Staying the Case.

On August 26, 2016, the Magistrate Judge granted the government's motion requesting a stay until the Supreme Court issued its decision in *Beckles*. Defendant filed an appeal of that Order and argues that, in the absence of expedited treatment of his motion, he will be deprived of meaningful relief because if he is resentenced without the career offender enhancement, the top of his revised Guidelines range would be less than the amount of time he has already served.

In *Blow v. United States*, 829 F.3d 170 (2d Cir. 2016), the Second Circuit instructed:

> The Supreme Court has held that *Johnson* announced a new rule of constitutional law that is retroactive on collateral review. Furthermore, the statutory language that was found unconstitutionally vague in *Johnson* is identical to the language in § 4B1.2(a)(2) now challenged by [the defendant].... The Supreme Court recently granted certiorari in another ... case to determine, *inter alia*, the precise question at issue here—whether *Johnson* applies retroactively to § 4B1.2(a)(2)'s residual clause.... [B]ecause the Supreme Court will likely decide in *Beckles* whether *Johnson* applies retroactively to the Guidelines, the district court is instructed to hold [the defendant's] § 2255 motion in abeyance pending the outcome of *Beckles*. The district court is free to consider termination of the stay, on motion or sua sponte.

*Id.* at 172-73 (citations omitted). On March 6, 2017, the Supreme Court issued the *Beckles* decision, wherein it held "that the advisory Guidelines are not subject to

4

vagueness challenges under the Due Process Clause[.]" 137 S. Ct. at 890. On March 8, 2017, the court lifted the stay and ordered briefing. As the stay has previously been lifted, the court DENIES AS MOOT Defendant's appeal of the Magistrate Judge's Order staying the case (Doc. 44).

### B. Whether Defendant's § 2255 Petition was Timely Filed.

In a footnote, Defendant claims that his § 2255 petition was timely filed under § 2255(f)(3) because it was filed within one year of the Supreme Court's decision in *Johnson*. (Doc. 67 at 14 n.4.) The Magistrate Judge correctly concluded that Defendant's petition was not timely filed.

To be timely, a § 2255 petition must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the Supreme Court recognizes a new right, "a federal prisoner seeking to assert that right will have one year from [the] Court's decision within which to file his § 2255 motion. He may take advantage of the date in the first clause of [§ 2255(f)(3)] only if the conditions in the second clause are met." *Dodd v. United States*, 545 U.S. 353, 358-59 (2005).

A right is newly recognized for purposes of § 2255(f)(3) if it is analogous to a "new rule." *Teague v. Lane*, 489 U.S. 288, 301 (1989). The *Teague* Court confined the definition of a "new rule" to a legal conclusion which "breaks new ground or imposes a new obligation on the States or the Federal Government[,]" or a circumstance in which "the result was not dictated by precedent existing at the time the defendant's conviction became final." *Id.* at 301.

5

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process" because the ACCA's residual clause was unconstitutionally vague. 135 S. Ct. at 2563. *Welch* described the substantive right established by *Johnson* was specific to the ACCA and stated that *Johnson* "changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of person that the Act punishes." *Welch*, 136 S. Ct. at 1265 (internal quotation marks omitted). The Court observed that *Johnson* "cast no doubt" on laws using similar language, affirmatively rejecting the government's argument that *Johnson* placed laws textually similar to the ACCA in "constitutional doubt." *See Johnson*, 135 S. Ct. at 2561-62.

To date, the Supreme Court has ruled that "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause[.]" *Beckles*, 137 S. Ct. at 890. The question of whether *Johnson* applies to pre-*Booker* sentences remains unanswered. *Id.* at 903, n.4 (noting the majority opinion "at least [left] open the question whether defendants sentenced to terms of imprisonment before [the] decision in *United States v. Booker*[] . . . may mount vagueness attacks on their sentences.") (Sotomayor, J., concurring); *see also Raybon v. United States*, 867 F.3d 625, 629-30 (6th Cir. 2017) ("[W]hether [*Johnson*] applies to the mandatory guidelines, which contain identical language as the ACCA provision at issue in *Johnson*[], is an open question").[2] Because Defendant's sentencing was *post-Booker*, he will not benefit the resolution of this unanswered question. As the law currently stands, the application of *Johnson* to the residual clause of the advisory Guidelines is not a "'right' that 'has been newly

---

[2] *See also United States v. Greer*, 2018 WL 721675, at *5 (10th Cir. Feb. 6, 2018) ("[T]he only right recognized . . . in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA. The Court . . . has still not decided . . . whether the mandatory Guidelines can be challenged for vagueness . . . let alone whether such a challenge would prevail."); *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) (concluding *Beckles* "made clear that the right announced in *Johnson* did not automatically apply to all similarly worded residual clauses."); *but see Reid v. United States*, 252 F. Supp. 3d 63, 68 (D. Mass. 2017) (holding *Johnson* effectively invalidates the career offender residual clause in the *mandatory* Guidelines).

6

recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'" *Id.* at 630 (quoting § 2255(f)(3)); *see also Bryant v. United States*, 2018 WL 1010212, at *3 (S.D.N.Y. Feb. 20, 2018) ("The weight of post-*Beckles* authority supports [the] conclusion" that the Supreme Court has not recognized such a right under the mandatory Guidelines). As a result, Defendant's petition fails to satisfy the requirements of § 2255(f)(3). He does not allege that his motion satisfies any of the other subsections of § 2255(f).

### C. Whether the Defendant was Sentenced under the Mandatory Guidelines.

Although Defendant concedes that his sentencing took place after *Booker*, he argues that the Magistrate Judge erred in concluding that he was sentenced under the advisory Guidelines. *See* Doc. 57 at 1 ("Mr. Boynton was sentenced less than a month after *United States v. Booker*[.]"). He contends that the court "treated the career offender Guidelines as mandatory" despite the Supreme Court precedent to the contrary. (Doc. 67 at 4.) Citing the sentencing transcript in general without pointing to any specific examples, Defendant states that "the discussions at sentencing about the appropriate sentence presumed that the Court could only impose a sentence within the applicable Guideline range, which in fact it did." *Id.* Despite the court's statements on the record acknowledging the advisory nature of the Guidelines, Defendant nonetheless argues that "there is nothing to indicate that the Court understood the true nature of the advisory Guideline regime: that a court has the ability to vary from the Sentencing Guidelines based on purely policy disagreements, even in the mine-run case." *Id.* This is rank speculation.

It is undisputed that Defendant's sentencing occurred after the Supreme Court's decision in *Booker*, and accordingly the court was obligated to consider the Guidelines advisory. *See United States v. Duvall*, 740 F.3d 604, 609 (D.C. Cir. 2013) ("Vertical stare decisis is absolute and requires lower courts to follow applicable Supreme Court rulings in every case") (citing U.S. Const. art. III, § 1). Prior to sentencing, the parties submitted sentencing memoranda highlighting the advisory nature of the Guidelines and

7

specifically referencing the *Booker* decision. *See* Doc. 24 at 2 (government's sentencing memorandum) ("As the court is well aware, in *United States v. Booker*, the Supreme Court held that the United States Sentencing Guidelines are, essentially, advisory") (citation omitted); *see also* Doc. 25 at 1 (Defendant's sentencing memorandum) (acknowledging Defendant's sentence should be "based on [his] status as a career offender pursuant to U.S.S.G. § 4B1.1[,]" requesting that he "receive a sentence of 188 months," and reminding the court of its "opportunity to exercise its discretion under *United States v. Booker*").[3] At sentencing, the court stated that it "obviously did consider the guidelines [to be] advisory at this point and [it had] considered the factors in Section 3553." (Doc. 48 at 9.)

Defendant points to no evidence that the court did not understand or apply its newly articulated obligation to consider the Guidelines non-binding. To the contrary, the record indicates that the court was well aware of the advisory nature of the Guidelines and exercised its discretion when sentencing Defendant. For this reason, the court declines to address the outcome of Defendant's petition under an alternative set of facts and does not adopt the Magistrate Judge's analysis of the outcome if Defendant was sentenced under Guidelines that were mandatory. Because the sentencing court clearly understood the Guidelines were advisory, Defendant has failed to establish that he was denied a constitutional right in his post-*Booker* sentencing.

### D. Whether the Court should Grant a Certificate of Appealability.

Defendant's final objection to the R & R is that the Magistrate Judge erroneously recommended that the court deny a certificate of appealability. Pursuant to 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has instructed that a federal court should not deny a certificate of appealability "merely

---

[3] *See also* Doc. 25 at 4 (stating Defendant "is a career offender under U.S.S.G. § 4B1.1(b) and thus his criminal history category should be VI. The sentencing range for level 31, category VI is 188-235. WHEREFORE, [Defendant] respectfully requests that he be sentenced at offense level 31, category VI for a sentence of 188 months.").

8

because it believes the applicant will not demonstrate an entitlement to relief." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003); *see also Hoffler v. Bezio*, 726 F.3d 144, 154 (2d Cir. 2013). A court should issue a certificate of appealability where "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]'" *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. "The issue becomes somewhat more complicated where[] . . . the district court dismisses the petition based on procedural grounds." *Id.* Where a procedural bar is present and the court correctly invokes it to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.*

As Defendant observes, although courts have concluded that *Johnson* applies retroactively to mandatory Guidelines sentences relying on the career offender enhancement, no court has apparently reached this same conclusion with regard to a sentence under the advisory Guidelines. Because *Beckles* clearly bars Defendant's void for vagueness challenge to the career offender enhancement, his § 2255 petition fails to state a "valid claim of the denial of a constitutional right[.]" *Slack*, 529 U.S. at 478.

## CONCLUSION

For the foregoing reasons, the court DENIES AS MOOT Defendant's appeal of the Magistrate Judge's Order staying the case (Doc. 44), ADOPTS IN PART the Magistrate Judge's Report and Recommendation (Doc. 65), and DENIES and DISMISSES Defendant's § 2255 petition for a reduced sentence. (Doc. 33.)

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Defendant has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of April, 2018.

Christina Reiss, District Judge
United States District Court